**The below described is SIGNED.**

**Dated: December 09, 2005**

*/s/ Glen E Clark*
**GLEN E. CLARK**
**U.S. Bankruptcy Judge**

Richard C. Terry, USB No. 3216
~~CORBRIDGE, BAIRD & CHRISTENSEN~~
39 Exchange Place, Suite 100
Salt Lake City, Utah 84111
Telephone: 801/534-0909
Facsimile: 801/534-1948
Email: richard@cbclaw.com

Attorneys for Horizon Credit Union

**RECEIVED**

DEC 0 2 2005

US BANKRUPTCY COURT
DISTRICT OF UTAH

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

---

| | |
|---|---|
| In re:<br><br>Brett Steven Walker dba American Wholesale Distributing dba Korner Fitness & Nutrition,<br>    Debtor. | Bankruptcy No. 04-27517gec<br><br>Chapter 7 |
| HORIZON CREDIT UNION,<br><br>    Plaintiff,<br><br>v.<br><br>BRETT STEVEN WALKER,<br><br>    Defendant. | Adversarial No. 04-02986<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

This matter came on for regularly for trial before the above entitled Court on

December 2, 2005, at 10:00 a.m. Richard C. Terry appeared for and on behalf of Plaintiff

Horizon Credit Union. Neither the Debtor, counsel or any other parties appeared for and on behalf of Brett Steven Walker, Defendant. The Court heard the arguments of counsel and further notes that this Court has already issued an Order Regarding Motion to Compel Responses to Discovery and Order to Set Trial Date which was entered by the Court on November 22, 2005, a copy of which is attached hereto as Exhibit "A" and incorporated herein by reference. The Order provides that if the Defendant does not respond to Plaintiff's Requests for Admissions, Interrogatories and Request for Production of Documents, the Court will enter the Pretrial Order providing for the admission of every single element of fact and law necessary for Plaintiff to obtain a judgment pursuant to its complaint with the exception of one lone fact. The Court notes that there have been no responses to the Request for Admissions, Interrogatories or Request for Production of Documents propounded on the Defendant by the Plaintiff dated May 12, 2005. Accordingly, this Court adopts all uncontroverted facts and issues of law set within the Pretrial Order attached as Exhibit "B" to the Order Regarding Motion to Compel.

The Court further heard the arguments of counsel and based thereon, makes the following additional finding of fact:

1.   Debtor Brett Steven Walker submitted the Loan Application with intent to deceive Horizon Credit Union in order to obtain the loan from Horizon Credit Union.

Based upon the foregoing finding of fact, the Court now adopts the following conclusions of law:

1.   The August 10, 2001, Loan Application was materially false.

2.  The August 10, 2001, Loan Application was made or published by the Defendant to Plaintiff with intent to deceive.

DATED this ____ day of _____, 2005.

By the Court:

_____
The Honorable Glen E. Clark
U.S. Bankruptcy Court Judge

## CERTIFICATE OF SERVICE FOR COURT CLERK

I, Court Clerk, hereby certify that on _____, 2005, I served a copy of the foregoing Findings of Fact and Conclusions of Law upon the following by first class mail, postage prepaid; or electronically via ECF:

Brett Steven Walker (Via U.S. Mail)
Pro Se
560 South 400 West
Centerville, UT 84014

Richard C. Terry (Via ECF)
CORBRIDGE BAIRD & CHRISTENSEN
39 Exchange Place, Suite 100
Salt Lake City, UT 84111

_____

**EXHIBIT A**

The below described is SIGNED.

Dated: November 22, 2005          *Glen E Clark*
                                  **GLEN E. CLARK**
                                  U.S. Bankruptcy Judge



---

Richard C. Terry, USB No. 3216
CORBRIDGE, BAIRD & CHRISTENSEN
39 Exchange Place, Suite 100
Salt Lake City, Utah 84111
Telephone: 801/534-0909
Facsimile: 801/534-1948
Email: richard@cbclaw.com

Attorneys for Horizon Credit Union

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| | |
|---|---|
| In re: <br><br> Brett Steven Walker dba American Wholesale Distributing dba Korner Fitness & Nutrition, <br>          Debtor. | Bankruptcy No. 04-27517gec <br><br> Chapter 7 |
| HORIZON CREDIT UNION, <br><br>           Plaintiff, <br><br> v. <br><br> BRETT STEVEN WALKER, <br><br>           Defendant. | Adversarial No. 04-02986gec <br><br> Filed Electronically <br><br> **ORDER REGARDING MOTION TO COMPEL RESPONSES TO DISCOVERY AND ORDER TO SET TRIAL DATE** |

The motion of Horizon Credit Union entitled "Motion to Compel Responses to Discovery" came on for hearing before the Court on November 16, 2005, at 10:00 a.m. in

Filed: 11/16/05

connection with the final pretrial conference. Lawrence E. Corbridge, of Corbridge Baird & Christensen, appeared on behalf of Plaintiff, Horizon Credit Union. Brett Steven Walker, the Debtor, did not appear personally or by representation of counsel.

On May 12, 2005, counsel for Horizon Credit Union served upon the Defendant, Brett Steven Walker, "Request for Admissions, Interrogatories and Request for Production of Documents", ("Discovery Requests"). Responses were due within thirty (30) days or on about June 20, 2005.

On August 29, 2005, a demand letter was directed to Debtor requesting responses to discovery (Exhibit "A"). To date, no response has been received from Debtor.

Each of the elements of the complaint were set forth in the Request for Admissions except the following element: Whether Defendant submitted the Loan Application with intent to deceive Horizon Credit Union in order to obtain the loan from Horizon Credit Union.

Defendant has filed no response to the Discovery Requests of May 12, 2005; Debtor did not respond to the demand letter of August 29, 2005; Debtor did not respond to Plaintiff's Motion to Compel Responses to Discovery, and Debtor did not appear at the final pretrial conference.

Based upon the foregoing, the Court enters the following Order:

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Defendant have ten (10) days from the date hereof to respond to Plaintiff's Request

for Admissions, Interrogatories and Request for Production of Documents to Defendant dated May 12, 2005, otherwise, the Pretrial Order attached hereto as Exhibit "B" shall be executed by the Bankruptcy Judge, the Honorable Glen E. Clark, and entered by the Court in which event all issues of fact raised by Plaintiff's Complaint shall be deemed admitted except for the single issue of fact as to whether or not Debtor Brett Steven Walker submitted the Loan Application with intent to deceive Horizon Credit Union in order to obtain the loan from Horizon Credit Union.

**It is further ordered that this case is set for trial without a jury at 10:00 a.m. on the 2nd day of December, 2005.**

DATED this _____ day of _____, 2005.

By the Court:

_____
The Honorable Glen E. Clark
U.S. Bankruptcy Judge

Approved as to form:

/s/ Lawrence E. Corbridge
**Lawrence E. Corbridge**
Attorney for Plaintiff

Approved as to form:

_____
**Brett Steven Walker, Pro Se**

## CERTIFICATE OF SERVICE

I, Richard C. Terry, attorney for Jordan Credit Union, hereby certify that on November 16, 2005, I served a copy of the foregoing Notice of Hearing upon the following by first class mail, postage prepaid; or by filing this pleading electronically as an ECF registered attorney of the United States District Court, I caused the same to be served via ECF.

Matthew K. Fausett (Via U.S. Mail)
Pro Se
596 North Main Street
Alpine, UT 84004

/s/ Richard C. Terry

## CERTIFICATE OF SERVICE FOR COURT CLERK

I, Court Clerk, hereby certify that on _____, 2005, I served a copy of the foregoing Order dated upon the following by first class mail, postage prepaid; or electronically via ECF:

Brett Steven Walker, (Via U.S. Mail)
Pro Se
560 South 400 West
Centerville, UT 84014

Richard C. Terry (Via ECF)
CORBRIDGE BAIRD & CHRISTENSEN
39 Exchange Place, Suite 100
Salt Lake City, UT 84111

I:\3\3238\74\Order Regarding Motion to Compel.wpd

**EXHIBIT A**

# CORBRIDGE BAIRD & CHRISTENSEN

A PROFESSIONAL LAW CORPORATION

LAWRENCE E. CORBRIDGE
JAMES L. CHRISTENSEN
RICHARD C. TERRY

39 EXCHANGE PLACE, SUITE 100
SALT LAKE CITY, UTAH 84111
TELEPHONE (801) 534-0909
FAX (801) 534-1948
email@cbclaw.com

CHRISTOPHER G. JESSOP
KENNETH M. BITNER
BRANDI R. CURTIS

August 29, 2005

Brett Steven Walker
560 South 400 West
Centerville, UT 84014

RE: Horizon Credit Union v. Brett Steven Walker

Dear Mr. Walker:

On May 12, 2005, this office sent to you Request for Admissions, Interrogatories and Request for Production of Documents. Those documents required a formal written response within thirty (30) days or on or before June 20, 2005. To date, we have received nothing. If for some reason you may have lost those or would like another set, please let me know, otherwise, we will assume that you have received the initial discovery and will ask you to respond within ten (10) days of today's date.

Please govern yourself accordingly.

Sincerely,

CORBRIDGE BAIRD & CHRISTENSEN

By: _____
Richard C. Terry

RCT/mau

I:\3\3238\74\Walker, Brett Steven - Ltr 8-29-05.wpd

# EXHIBIT B

Richard C. Terry, USB No. 3216
CORBRIDGE, BAIRD & CHRISTENSEN
39 Exchange Place, Suite 100
Salt Lake City, Utah 84111
Telephone: 801/534-0909
Facsimile: 801/534-1948
Email: richard@cbclaw.com

Attorneys for Horizon Credit Union

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

---

| | |
|---|---|
| In re:<br><br>Brett Steven Walker dba American Wholesale Distributing dba Korner Fitness & Nutrition,<br>Debtor. | Bankruptcy No. 04-27517gec<br><br>Chapter 7 |
| HORIZON CREDIT UNION,<br>Plaintiff,<br>v.<br>BRETT STEVEN WALKER,<br>Defendant. | Adversarial No. 04-02986<br><br>Filed Electronically<br><br>**PRETRIAL ORDER** |

This matter having come on for final pretrial conference on September 13, 2005, Richard C. Terry having appeared as counsel for Plaintiff, and other appearances were on the record, having appeared as counsel for Defendant, the following action was taken:

1. JURISDICTION. This is an action to determine revocation of discharge based on section 523(a)(2)(B) of the Bankruptcy Code. The jurisdiction and venue of the court are not disputed and are determined to be proper.

2. GENERAL NATURE OF THE CLAIMS.

(a) Plaintiff's claims: Plaintiff asserts one claim under §523(a)(2)(b), alleging the Debtor misrepresented his monthly gross income while employed by American Wholesale Distribution.

(b) Defendant's claims: Defendant claims the information was inaccurate.

(c) All other parties' claims: None.

3. UNCONTROVERTED FACTS. The following facts are not in dispute:

(a) Plaintiff is a Utah corporation organized and existing under the laws of the state of Utah with its principal place of business in Davis County, State of Utah. Plaintiff is a creditor of Defendant and is the holder of a claim against Defendant for the sum of $11,561.26 as of May 7, 2004.

(b) This adversarial proceeding is one arising out of defendant's Bankruptcy Case No. 04-27517 under Chapter 7 of Title 11 now pending in this court. This court has jurisdiction over this adversarial proceeding pursuant to 28 U.S.C. §§ 157, 1334 and 11 U.S.C. § 523.

(c) On or about August 10, 2001, Brett Steven Walker (hereinafter "Walker") executed a Loanliner Open-End Disbursement Receipt Plus (hereinafter "Note").

(d) Pursuant to the Note, Walker agreed to make payments more particularly provided in the Note.

(e) Walker defaulted on his obligations to Horizon. Demand was made upon Walker, but no payments were received and the outstanding debt was not paid. Horizon accelerated the remaining debt and filed suit against the Defendant. This action was filed in the Second Judicial District Court, Davis County, Bountiful Department, on or about December 10, 2003, as Civil No. 030801705.

(f) On February 26, 2004, judgment was entered against the Defendant and in favor of Horizon in the sum of $10,645.75 with interest to accrue thereon at 14.65% per annum.

(g) On or about May 7, 2004, Walker filed a Chapter 7 bankruptcy petition with the United States Bankruptcy Court known as Case No. 04-27517.

(h) In consideration of the execution of the Note dated August 10, 2004, between Horizon and Walker, Walker executed and provided to Horizon a Loan Application.

(i) The Loan Application was generated by the Defendant and provided to Horizon by the Defendant.

(j) In the Loan Application, Defendant represented to Horizon that he had been employed by American Wholesale Distribution for 3.5 years earning a monthly gross income of $5,400 per month all of which representations respected the Defendant's financial condition.

(k) All of the information contained in the Loan Application, as well as the Loan Application, was given to Horizon in order to enable Horizon to make a lending decision based on the information given by the Defendant to Horizon.

(l) Horizon relied upon the terms and provisions of the Loan Application including the stated gross monthly income of $5,400 per month. Based upon Walker's representation of $5,400 in gross income, Horizon believed that Defendant was making that amount of money in the existing month and on an on-going basis going forward and, as a result, approved the loan application and entered into the loan described in Paragraph 9 above.

(m) Defendant, Brett Steven Walker, knew that Horizon was relying upon the information contained in the August 10, 2001, Loan Application in order to make its lending decision and provide loan funds to the Defendant.

(n) Horizon had no independent knowledge contradicting the income represented in the Loan Application, nor was it placed on notice from any independent, third party source or the Defendant that Defendant's actual income may have been different from the amount represented in the August 10, 2001, Loan Application.

(o) At no point in time in the employment career of Defendant, Brett Steven Walker, with American Wholesale Distribution did Defendant ever have a single month in which his gross income was equal to or greater than $5,400.

(p) On August 10, 2001, when Defendant applied for a loan with Horizon, Defendant knew that his income at that time was not high enough to meet Horizon's lending standards in order to be approved for the loan he was then seeking.

Case 04-02986  Doc 27  Filed 12/13/05  Entered 12/13/05 10:57:08  Desc Main
Document  Page 16 of 19

(q) Defendant knew that when he executed the August 10, 2001, Loan Application, the $5,400 per month figure placed in that Loan Application was false and did not reflect actual income.

(r) Plaintiff would never have approved the loan to Defendant without Defendant's gross income being $5,400 per month.

(s) Defendant knew, or should have known, that Horizon would not have approved the loan without Defendant's actual income being $5,400 per month.

4. CONTESTED ISSUES OF FACT. The following facts are in dispute:

(a) Whether Defendant submitted the loan application with intent to deceive Horizon in order to obtain the loan from Horizon.

5. UNCONTESTED ISSUES OF LAW:

(a) This complaint seeking a determination of the dischargeability of debt is an adversarial proceeding within the meaning of Rule 7001(6) Bankruptcy Rules of Procedure.

(b) Horizon Credit Union reasonably relied on the August 10, 2001, loan application and as a result, extended credit to Defendant.

(c) The August 10, 2001, loan application was a statement in writing respecting the Defendant's financial condition.

6. CONTESTED ISSUES OF LAW. The contested issues of law include those implicit in the contested issues of fact, and also the following:

(a) Was the August 10, 2001, loan application materially false.

(b) Was the August 10, 2001, loan application cause to be made or published by the Defendant to Horizon with intent to deceive.

7. EXHIBITS. The following were identified and offered as exhibits:

(a) By Plaintiff:

 (i) Loanliner Open-End Disbursement Receipt Plus dated August 10, 2001.

 (ii) Loan Application dated August 10, 2001.

 (iii) Loanliner Open-End Plan Signatures Plus dated August 10, 2001.

 (iv) Damage computation.

 (v) Attorney's fees computation.

 (vi) All loan documents.

(b) By Defendant: None

(c) Exhibits of any third parties: None

(d) Exhibits received in evidence and placed in the custody of the clerk may be withdrawn from the clerk's office upon signing of receipts therefor by the respective parties offering them. The exhibits shall be returned to the clerk's office within a reasonable time and in the meantime shall be available for inspection at the request of other parties.

(e) Exhibits identified and offered that remain in the custody of the party offering them shall be made available for review by the offering party to any other party to the action that requests access to them in writing.

(f) Except as otherwise indicated, the authenticity of received exhibits has been stipulated, but they have been received subject to objections, if any, by an opposing party at the trial as to their relevancy and materiality. If other exhibits are to be offered, the

necessity for which reasonably cannot now be anticipated, they will be submitted to opposing counsel at least 5 days prior to trial.

8. DEPOSITIONS. None.

9. WITNESSES.

(a) In the absence of reasonable notice to Defendant to the contrary:

(i) Plaintiff will call as witnesses: Karie Roeseler and Laurie Stauffer.

(ii) Plaintiff may call as witnesses: Brett Steven Walker

(iii) Plaintiff will use the following depositions: None.

(b) In the absence of reasonable notice to opposing counsel to the contrary:

(i) Defendant will call as witnesses: Brett Steven Walker

(ii) Defendant may call as witnesses: None

(iii) Defendant will use the following depositions: None.

(c) In the event that witnesses other than those listed are to be called to testify at the trial, a statement of their names, addresses, and the general subject matter of their testimony will be served upon opposing counsel and filed with the court at least 10 days prior to trial. This restriction shall not apply to rebuttal witnesses whose testimony, where required, cannot reasonably be anticipated before the time of trial.

10. REQUESTS FOR INSTRUCTIONS. If the case is to tried before a jury, requests for instructions to the jury and special requests for voir dire examination of the jury shall be submitted to the court pursuant to D. Ut. 114. Counsel may supplement requested instructions during trial on matters that could not reasonably be anticipated prior to trial.

11. AMENDMENTS TO PLEADINGS. No amendments are expected.

12. DISCOVERY. Plaintiff propounded a set of discovery on the Defendant which has never been answered. Plaintiff intends to file a motion to compel.

13. TRIAL SETTING. The case has been set for trial without a jury at _____ a/p.m. on the _____ of _____, 2005.

14. SETTLEMENT. Possibility of settlement is considered \_\_\_\_\_ good _____ fair __X__ poor.

DATED this _____ day of _____, 2005.

BY THE COURT:

_____
United States Bankruptcy Judge

APPROVED AS TO FORM:

/s/ Richard C. Terry
**Richard C. Terry**
Attorney for Plaintiff


_____
**Brett Steven Walker**, Pro Se

I:\3\3238\74\Pretrial Order 11-16-05.wpd